IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30805
Summary Calendar

_____


DAVID SINGLETON,

Plaintiff-Appellant,

versus

BURL CAIN, Warden; JOHNNY BUTLER, Warden;
UNKNOWN BRIGGS, Captain; UNKNOWN SKINNER,
Captain; MERIDITH, Major,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
USDC No. 97-CV-123
_____
November 25, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

David Singleton, Louisiana state prisoner #81080, appeals the dismissal of his 42 U.S.C. § 1983 action for failure to comply with a court order under Fed. R. Civ. P. 41(b). Singleton argues that he misunderstood the district court's order directing him to specify by number the administrative remedy procedures that he had exhausted.

A district court may <u>sua</u> <u>sponte</u> dismiss an action for failure to prosecute or to comply with any court order. <u>McCullough v.</u>

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). Although the district court dismissed Singleton's complaint without prejudice, the dismissal operates as a dismissal with prejudice because Singleton would be barred by the applicable prescriptive period from filing a new complaint. See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Thus, the dismissal is properly analyzed as one with prejudice. Id.

This court reviews a dismissal with prejudice for failure to prosecute for abuse of discretion. Id. Ordinarily, this court will affirm a dismissal with prejudice only "(1) upon a showing of `a clear record of delay or contumacious conduct by the plaintiff' and (2) when `lesser sanctions would not serve the best interests of justice.'" Sturgeon v. Airborne Freight Corp., 778 F.2d 1154, 1159 (5th Cir. 1985) (emphasis original) (citations omitted). Dismissal with prejudice is "[t]he ultimate sanction for the litigant," and "should be imposed only after full consideration of the likely effectiveness of less-stringent measures." Hornbuckle v. Arco Oil & Gas Co., 732 F.2d 1233, 1237 (5th Cir. 1984).

The record does not clearly evince delay or contumacious conduct on the part of Singleton, even though he failed to respond adequately to the court's order. See Berry, 975 F.2d at 1191-92 n.6. ("Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice.") Moreover, because there was no showing that the district court

-2-

considered or employed lesser sanctions, the district court abused its discretion by effectively dismissing Singleton's case with prejudice for failure to prosecute pursuant to Rule 41(b). Hornbuckle, 732 F.2d at 1237.

In the light of the foregoing, we VACATE and REMAND.

VACATED and REMANDED.